


IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HERMAN DOUGLAS

    Plaintiff

v.

WAL-MART STORES INC. AND THEIR MANUFACTURER OF THE PRODUCT AND ALL CO-INFRINGERS,

    Defendants

Civil Action No. 05 CV. 152
Hon. EDUARDO C. ROBRENO

**FILED**
MAR 25 2005
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

## AMENDED COMPLAINT

PLAINTIFF WAS DIRECTED BY THE COURT ON MARCH 10, 2005 TO FILE AN AMENDED COMPLAINT WITHIN TWENTY DAYS. Plaintiff, Herman Douglas Sr., for its amended complaint alleges as follows:

**NATURE OF ACTION**

PATENT INFRIGEMENT, COMMON LAW TRADEMARK INFRIGEMENT, TRADE DRESS INFRIGEMENT, COMMON LAW COPYRIGHT INFRIGEMENT, REDUCTION TO PRACTICE, AND CONSTRUCTION.

1. This is a civil action for patent infringement in violations of the Patent Act and laws of the United States, 35 U.S.C. Section 1 et seq., the use of false designations of origin origin and false and misleading descriptions and representations in violations and representations in violations section 43(a) of the

1

United States Trademark Act of 1946, U.S.C. section 1125©; and for statutory unfair competition in violation of the PA state unfair competition statues for related claims of trade dress infringement and unfair competition in violation of the common law of PA; 17 S.S.C. Section 101, et. esp., and for copyright and for Unfair Competition under Pennsylvania State Law 73 P. S. 201, et. seq. and for dilution of Fed. Law in violation of section 43 ( c) of the United States Trademark Act of 1946. 15 U.S.C. section 1125( c); and for injury to business reputation and dilution in violation of PA common law statues.

This Court has Jurisdiction under the United States Patent Act and the Copyright Act of 1976. 35 U.S.C. Section 1 et seq., and the Court has subject matter jurisdiction pursuant to 28 U.S.C. Subsection 1331 and 1338(a).

Venue is proper in this District under Title Part 4 chapter 85 Section 1391(b).

## THE PARTIES

1. Plaintiff, Herman Douglas,( H.D.) here in after is an adult residing at 1121 S. Divinity Street Apt.2, Philadelphia, PA 19403.

2. Defendants, WAL-MART STORES INC., and their manufacturer of the product and all co-infringes, Defendants Principle place of business at 702 S.W. 8th Street, Bentonville, Arkansas 72716.

## COUNT I

## PATENT, COPYRIGHT , TRADEMARK, UNFAIR

2

COMPETITION, VIOLATION OF THE REDUCTION TO PRACTICE, AND CONSTRUCTIVE REDUCTION TO PRACTICE

## JURISDICTION AND VENUE

3. The court has jurisdiction over this action under U.S.C. subsection 1313 and 1338(a) and (b) and 15 U.S.C. section 1121, as it involves substantial claims arising under the laws of the United States, 35 U.S.C. section 1 et seq.; and the Patent Laws of the United States, Trademark Act of 1946, 15U.S.C section 1051 et seq., and Copyright Act of 1976 together with related claims under PA State law. Venue is proper in this District pursuant 28 U.S.C. section 1391 as the unlawful acts of Plaintiff complained of herein have been committed by Defendants within this District and have had or will have had effect in this Judicial District.

**PLAINTIFF'S PRODUCTS AND REPUTATION**

5. Plaintiff is and for many years past has been, engaged in the designs, development, manufacture and marketing of innovative products. The 3RD HAND or AUTO CONTROL PILLOW and the PLEASURE ABLE NECK PILLOW. Plaintiff sells its products, including the PLEASURABLE NECK PILLOW into interstate commerce.

6. At least as early as 1997 and long prior to the acts of Defendants, Plaintiff introduced these products into interstate commerce.

7.Since the products by Plaintiff, and long prior to the acts of defendants, Plaintiff has promoted the products and sought manufactures and distributors to market the products.

8. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

9. Plaintiff is and at all relevant times has been the patent and copyright owner under the Common Law of United States and the Common Law of Pennsylvania with respect to text, images, words, terms, names, symbols, devices, or combination including but not limited to all of the copyright patent claims, specification, images and phrases shall be identified as the copyright images, phrases graphics.

8. Plaintiff is and at all times relevant is the creator, owner, manufacturer and distributor of the product named PLEASURABLE NECK PILLOW.

10. Defendants is the owner, manufacture and distributor of the product "GUEE NECK MASSAGE PILLOW"

11. In the packing and distribution the patent and copyright and trademark Images, phrases are placed on the product and incorporated into the product and incorporated into the packaging design.

12. Plaintiff placed product in Interstate Commerce before Defendants placed their product into Interstate Commerce.

13. Defendants used Plaintiff's patent, copyrighted trademark images, phrases words and colors on Defendants product packaging.

14. Use of the Common Law Copyright images, and colors, phrases created a

15. likelihood of confusion, mistake and /or deception with the consuming public.

4

## COUNT II

## TRADE DRESS

16. Plaintiff incorporates herein by this reference each and every allegation contained in each paragraph above.

17. Plaintiff is and at all times relevant is the creator, owner, manufacturer and distributor of the product Trade name "PLESSURABLE NECK PILLOW".

18. Defendants are the owners of Trade name "GUEE NECK PILLOW" manufacturer and distributor of the product.

19. In the packing and distribution the Trade name and copyright images, phrases, colors are placed on the Defendants commercial packaging.

20. product packing and incorporated into the packing design making it inherently distinctive.

21. Plaintiff placed "PLEASURABLE NECK PILLOW into interstate commerce before

22. Defendants placed product into interstate commerce after Plaintiff.

23. Defendants used Plaintiff's copyrighted images, phrases colors graphic, and words on Defendants product. Use of the copyright images colors words and phrases created a misrepresentation as to the nature, characteristic, qualities and origin of its goods. as well as Plaintiff's goods with the consuming public.

## COUNT III

## FALSE ADVERTISING

24. Plaintiff incorporates herein by reference each and every allegation contained in each

5

paragraph above.

25. Plaintiff is and at all times relevant is the creator, owner, Manufacturer and

26. Distributor of the product "Pleasurable Neck Pillow".

27. Defendants is the owners, manufacturer, and distributor of "Guee Neck Pillow"

28. In the packaging and distribution the copyrighted images, phrases, colors and words were placed on the product and incorporated into the packaging design.

29. Plaintiff placed "Pleasurable Neck Pillow" into interstate commerce before Defendants placed "Guee Neck Pillow" into interstate commerce Defendants used Plaintiff's copyright images, phrases, words and colors graphics on Defendants product.

30. Use of the copyrighted and images, graphic colors, phrases, and words created a misrepresentation as to the nature characteristics, qualities and origin of its goods as well as Plaintiff's goods with the consuming public.

## COUNT IV

### UNFAIR COMPETITION IN VIOLATION OF THE STATUTORY LAW OF THE STATE OF PA

Plaintiff incorporate herein by this reference each and every allegation contained in each paragraph above.

31. Plaintiff is and at all times relevant is the creator, owner, manufacturer and distributor

32. of the product. There is a substantial similarity between the Defendants product pillow and Plaintiff product pillow.

33. In the packaging and distribution the copyrighted images, phrases, colors and graphics were incorporated into the Defendants product packaging design.

34. Plaintiff placed his product into interstate commerce before Defendants placed their product into interstate commerce.

35. Defendants placed some of Plaintiff's copyrighted images, words, colors, graphics, phrases, with Defendants Mark.

36. Defendants has thwarted the purpose of the copyright by Defendants actions.

37. The defendants has misrepresented the source and origin of the product.

38. Defendants by using whole sale the copyrighted materials and literally copying of the pillow demonstrates that PNP and GNP express the same identical same expressions. This salient facts cannot be refuted because its stands in stark contrast with the pillows packaging.

39. Defendants packaging is "substantially similar" to plaintiff packaging a similarity that reinforced by the Plaintiff's packaging surrounding text and the overall pattern textual and pictorial packaging presentation. Text search as: neck, pillow, colors, phrases, graphics, words equivalents, stretchable, squeezable, fabric, pocket, foam, and vibrator or massager. All of these words are found in one protected intellectual properties or another or their equivalence.

40. By using the patented and the common law copyrighted and Trademark elements and images, colors, phrases, words and expressions, Defendants has created and mislead the public as to the nature characteristics, qualities and origin of its goods as well as plaintiff's goods and has caused a likelihood of confusion between the products.

## COUNT V

### COMMON LAW UNFAIR COMPETITION AND TRADEMARK INFRINGEMENT AT COMMON LAW

41. Plaintiff incorporates herein by this reference each and every allegation contained in

7

each paragraph above.

42. Plaintiff is and at all times relevant has been the creator, owner, manufacturer and

43. distributor of the product of PNP.

44. Defendants is the owner, manufacturer and distributor of the product GNP.

45. In the packaging and distribution the copyrighted images, graphics and text, words, phrases were placed on the product packaging incorporated into the Defendants design.

46. Plaintiff placed PNP product into interstate commerce before Defendants placed GNP into interstate commerce.

47. Defendant used Plaintiff's copyrighted images, graphics, words, expressions, colors and phrases on Defendants commercial packaging.

48. Use of these copyrighted images, phrases, graphics, words Created a misrepresentation as to the nature, characteristics, qualities and origin of its goods as well as plaintiff's goods with the consuming public. By placing Defendants product into the stream of commerce with Plaintiff's copyrighted images, words, phrases, colors graphics and layout Defendants acted wantonly and unfair and maliciously and in reckless disregard of plaintiff's rights under the law.

45. On information and belief, Plaintiff allege that, as a direct and proximate result of their wrongful conduct, Defendants have realized and continue to realize profits and worldwide benefits rightfully belonging of Plaintiff. Seeks an award of damages pursuant to 17 U.S.C. sections 504 and 505.

46. Defendants infringing conduct has also caused and is causing substantial and irreparable injury and damage to Plaintiff's in an amount not capable of

determination, and unless restrained, will cause further irreparable injury, leaving Plaintiff with no adequate remedy at law.

47. Plaintiff cannot move to complete further world wide marketing and manufacturing and distributing the product until this court has resolved this case.

48. On information and belief, Defendants have willfully engaged in, the acts

49. complained of with oppression, fraud and malice and in conscious disregard of the rights of Plaintiff. Plaintiff is, therefore, entitled to the maximum statutory damages allowable.

50. As a consequence of this dispute between the parties as to the rights, title, and interest in the copyrighted articles, described above, and pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. sections 2201 and 2202, Plaintiff also seeks a resolution of this ongoing controversy by a declaration of this Court as to the rights of the respective parties in this matter.

## COUNT VI

### FIRST CLAIM FOR TRADEMARK INFRINGEMENT (28) U.S.C.) AND THE LANHAM ACT.

51. Plaintiff realleges each and every allegation set forth in paragraphs 1-50 inclusive, and incorporates them herein by reference.

52. Plaintiff used on its commercial packaging the words ( PLEASURABLE NECK PILLOW )

53. Defendants used on its commercial packaging GUEE PILLOW AND GUEE PILLOW AND GUEE NECK MASSAGE PILLOW.

54. Defendant used others words that are used in Plaintiff's packaging in

9

violation of the intellectual property laws of the United States.

## COUNT VII

fabric,

## COUNT VIII

squeezable,

## COUNT IX

Stretchable,

## COUNT X

pocket,

## COUNT XI

zipper,

## COUNT XII

for,

## COUNT XIII

and foam

all being displayed on the WORLD WIDE INTERNET in direct violations of

the Trademark, Copyright and. Patent laws of the United States.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff pray for judgment against Defendants as follow:

A. Declaring that Defendants unauthorized conduct violates Plaintiff's

Intellectual Property rights under Patent laws, common law,

the Federal Copyright Act of 1976 and Trademark Act of 1946.

B. Immediately and permanently enjoining Defendants, their officers directors, agents, servants, employees, representatives, attorneys, Related companies, successors, assigns, and all others in active Concert of participation with them from reproducing any of Plaintiff's words, symbols, phases, images, colors graphics etc. or other rights in any manner;

C. Ordering Defendants to account to plaintiff for all gains, profits, and advantages derived by Defendants by their infringement of Plaintiff's copyrighted works, or such damages as are proper, and since Defendants intentionally violated Plaintiff's rights for the maximum allowable statutory damages for each violation.

D. Awarding Plaintiff such actual and/or statutory and punitive damages in an amount to be determined at trial;

E. Awarding Plaintiff's his costs, reasonable attorneys fees, and Disbursements in this action, pursuant to 17 U.S.C. Section 505; and

F. Awarding Plaintiff such other and further relief as is just & proper.

Respectfully submitted,

*[signature]*

Herman Douglas Sr.,
1121 S. Divinity Street
Apt.2
Philadelphia, PA 19403

11

(215-726-9219)



## CERTIFICATE OF SERVICE

I, Herman Douglas Sr., hereby certify that on the date listed below I caused to be served by First class mail a true and correct copy of the AMENDED COMPLAINT to Defendants Counsels:

James D. Cashel
MONTGOMERY, McCRACKEN, WALKER & RHOADS
123 SOUTH BROAD STREET

12

PHILADELPHIA, PA 19109

DATED MARCH 14, 2005

_____
Herman Douglas Sr.,
1121 Divinity Street Apt 2
Phila., PA 19143
215-7269219